# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| iROBOT CORPORATION, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) **JURY TRIAL DEMANDED** |
| SHARKNINJA OPERATING LLC, | ) |
| SHARKNINJA MANAGEMENT LLC, AND | ) |
| SHARKNINJA SALES COMPANY, | ) |
| | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff iRobot Corporation ("iRobot" or "Plaintiff"), by and through its attorneys, for its Complaint against Defendants SharkNinja Operating LLC, SharkNinja Management Company, and SharkNinja Sales Company (collectively, "Shark" or "Defendants"), hereby alleges as follows.

## NATURE OF THE ACTION

1. This is an action arising under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*, to enjoin infringement and obtain damages resulting from Defendants' unauthorized manufacture, use, sale, and/or offer to sell within the United States and/or importation into the United States of products that infringe one of more claims of United States Patent Nos. 9,921,586 ("the '586 patent"), 9,550,294 ("the '294 patent"), 9,492,048 ("the '048 patent"), 8,950,038 ("the '038 patent"), 8,418,303 ("the '303 patent"), and 10,045,676 ("the '676 patent") (collectively, "the patents-in-suit"). iRobot seeks preliminary and permanent injunctive relief to prevent Defendants from continuing to infringe the patents-in-suit. In addition, iRobot seeks monetary damages, including treble damages, resulting from Defendants' direct, indirect, and willful infringement of the patents-in-suit.

2. This action for patent infringement involves Defendants' manufacture, use, sale, and/or offer to sell within the United States and/or importation into the United States of infringing robotic cleaners, including Defendant's Shark IQ Robot product line. The infringing Shark IQ Robot products include at least two versions, one with a standard base station and one with a self-empty base station, and includes the RV1000 Series, the RV1000AE Series, model R101 and model R101AE. The identification of these infringing products reflects publicly available information and iRobot's investigations to-date, but additional products and models that perform substantially the same features described herein also infringe for the same reasons.

## PARTIES

3. Plaintiff iRobot Corporation is a corporation organized under the laws of the State of Delaware and has its principal place of business at 8 Crosby Drive, Bedford, MA 01730.

4. On information and belief, Defendant SharkNinja Operating LLC is a limited liability company organized and existing under the laws of the State of Delaware and has its principal place of business at 89 A Street, Suite 100, Needham, MA 02494.

5. On information and belief, Defendant SharkNinja Management Company is a company duly organized and existing under the laws of the State of Delaware and has its principal place of business at 89 A Street, Suite 100, Needham MA 02494.

6. On information and belief, Defendant SharkNinja Sales Company is a company duly organized and existing under the laws of the State of Delaware and has its principal place of business at 89 A Street, Suite 100, Needham MA 02494.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Defendants are subject to personal jurisdiction in this district because Defendants have their principal place of business in this district. Further, Defendants regularly transact business in this district by, among other things, making, using, selling, or offering to sell products to customers located in this district.

9. Defendants have committed acts of infringement of one or more claims of each of the patents-in-suit in this district.

10. Venue in this district is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because, Defendants have committed acts of infringement and have a regular and established place of business in this district.

## FACTUAL BACKGROUND

11. iRobot is a leader in consumer robotics, and *the* leader in robotic vacuum cleaners. In 1990, three engineers from the Massachusetts Institute of Technology's Artificial Intelligence Lab founded iRobot. In its early years, iRobot focused on research and development of robot technology for security, exploration, the U.S. military, and environmental disaster applications. For instance, iRobot designed the PackBot for the United States military, and it was so versatile and successful it's also excelled at numerous civilian applications. As a testament to iRobot's renown, its very first product (a six-legged robot designed for space exploration) now resides at the Smithsonian Air & Space Museum in Washington, D.C.

12. In the early 2000s, iRobot recognized that its technology could also revolutionize consumer products, and it did just that with the launch of the Roomba®, bringing robotics into the home to tackle the (otherwise) tedious task of vacuuming. The first Roomba® models established iRobot as the pioneer in home robotics. iRobot's steadfast commitment to R&D and its continual striving to introduce innovative new product features solidified its reputation with consumers and competitors.

13.     Most recently, in 2018 and 2019, iRobot introduced the Roomba® "i" and "s" Series products.  iRobot had spent significant resources developing innovative technologies that allowed these products to be the most autonomous robot vacuums on the market.  For instance, available features now include: the robot can create a map of a user's home so the user can schedule when and what rooms the robot cleans; the robot can return to its base to recharge if it runs low on battery power while cleaning, and then can resume where it left off once it is recharged; and the robot can autonomously empty its dust bin into the base station, which can store over 30 dust-bins-worth of debris.  Whereas previous products (from iRobot and every other competitor) required manual intervention much more frequently, the features available in the newest Roomba® products are capable of vacuuming your floors for a month without any user input, maintenance, or thought.

14.     Not surprisingly, consumers have immediately recognized the benefits and value of these features.  In fact, the i7+ was recognized as one of Time Magazine's Inventions of the Year in 2018.  Now, over a year after the launch of the i7+ in the United States, iRobot's major competitor in robotic vacuums, Shark, also appears to have recognized the benefits and value of these iRobot features.

15.     Despite knowing that iRobot's innovative features are protected by iRobot's patents, over a year after the launch of the i7+, Shark chose to make a knockoff product incorporating these features without iRobot's permission—the Shark IQ Robot.  Shark is not even shy about being a copycat—claiming that the Shark IQ Robot offers the same iRobot technology at "half the price of iRobot i7+".  https://direct.sharkclean.com/16/products/shark-iq-robot-self-empty-vacuum-rv1001ae/18/microsite/ogv/ (last accessed October 14, 2019).  Shark is now

misappropriating iRobot's innovative and patented technology to compete against iRobot. iRobot brings this suit to stop this unlawful and unfair conduct.

16. Defendants provide the following materials, including demonstrations, training, guides, videos, websites, and/or manuals, regarding the Shark IQ Robot:

Video found at https://direct.sharkclean.com/16/products/shark-iq-robot-self-empty-vacuum-rv1001ae/18/microsite/ogv/?opt=2 (Ex. M);

Video found at https://www.amazon.com/Shark-Self-Empty-Connected-RV1001AE-Capacity/dp/B07S864GPW/ref=sr_1_3?crid=1AK8NC92M32EZ&keywords=shark+iq+robot&qid=1570812255&sprefix=shark+iq%2Caps%2C149&sr=8-3 (Ex. N);

Video found at https://www.youtube.com/playlist?list=PLO-s5C_my0mWw-xmUD_cMfIzTGLXjv23v (Ex. O);

Webpage found at https://www.sharkclean.com/vacuums/robot-vacuums/ (Ex. P);

Webpage found at https://direct.sharkclean.com/16/products/shark-iq-robot-self-empty-vacuum-rv1001ae/18/microsite/ogv/?opt=2 (Ex. Q);

Webpage found at https://www.sharkclean.com/support/product-series/1222/shark-iq-robot-vacuum-r101ae-with-self-empty-base-wi-fi-and-home-mapping/faqs/#faq-3206 (Ex. R);

Instruction manual found in the Shark Clean Application (Ex. S);

Instruction manual found at https://www.sharkclean.com/include/pdf/qsg-rv1001ae.pdf (Ex. T);

Instruction manual found at https://www.sharkclean.com/include/pdf/manual-rv1001ae.pdf (Ex. U);

Instruction manual found in Shark IQ product packaging (Ex. V);

Instruction manual found in Shark IQ product packaging (Ex. W).

## U.S. PATENT NO. 9,921,586

17. The U.S. Patent and Trademark Office issued the '586 patent, entitled "Celestial Navigation System for an Autonomous Vehicle," on March 20, 2018. A true and correct copy of the '586 patent is attached as Exhibit A.

18. iRobot has owned the '586 patent throughout the period of Defendants' infringing acts and still owns the '586 patent.

**U.S. PATENT NO. 9,550,294**

19. The U.S. Patent and Trademark Office issued the '294 patent, entitled "Autonomous Robot Auto-Docking and Energy Management Systems and Methods," on January 24, 2017. A true and correct copy of the '294 patent is attached as Exhibit B.

20. iRobot has owned the '294 patent throughout the period of Defendants' infringing acts and still owns the '294 patent.

**U.S. PATENT NO. 9,492,048**

21. The U.S. Patent and Trademark Office issued the '048 patent, entitled "Removing Debris from Cleaning Robots," on November 15, 2016. A true and correct copy of the '048 patent is attached as Exhibit C.

22. iRobot has owned the '048 patent throughout the period of Defendants' infringing acts and still owns the '048 patent.

**U.S. PATENT NO. 8,950,038**

23. The U.S. Patent and Trademark Office issued the '038 patent, entitled "Modular Robot," on February 10, 2015. A true and correct copy of the '038 patent is attached as Exhibit D.

24. iRobot has owned the '038 patent throughout the period of Defendants' infringing acts and still owns the '038 patent.

**U.S. PATENT NO. 8,418,303**

25. The U.S. Patent and Trademark Office issued the '303 patent, entitled "Cleaning Robot Roller Processing," on April 16, 2013. A true and correct copy of the '303 patent is attached as Exhibit E.

26.     iRobot has owned the '303 patent throughout the period of Defendants' infringing acts and still owns the '303 patent.

## U.S. PATENT NO. 10,045,676

27.     The U.S. Patent and Trademark Office issued the '676 patent, entitled "Remote Control Scheduler and Method for Autonomous Robotic Device," on August 14, 2018.  A true and correct copy of the '676 patent is attached as Exhibit F.

28.     iRobot has owned the '676 patent throughout the period of Defendants' infringing acts and still owns the '676 patent.

## COUNT I -  INFRINGEMENT OF U.S. PATENT NO. 9,921,586

29.     iRobot incorporates the foregoing Paragraphs 1-18 by reference as though fully set forth herein.

30.     Defendants have been making, using, selling, or offering to sell within the United States and/or importing into the United States the Shark IQ Robot product family and are infringing, directly and/or indirectly, with willfulness or willful blindness, either literally and/or under the doctrine of equivalents at least claims 1, 4, 5, 7-11, 14, and 18 of the '586 patent under 35 U.S.C. § 271.  Defendants' infringing products include the Shark IQ Robot with or without the self-empty base (including the RV1000 Series, RV1000AE Series, R101 model and R101AE model).

31.      Exhibit G attached hereto compares Defendants' Shark IQ Robot model number R101AE to claim 1 of the '586 patent.  On information and belief, Defendants produce additional robotic vacuum cleaners, including Shark IQ Robot model number R101, which are similar in all material respects, and therefore infringe for the same reasons set forth in Exhibit G.

32. In addition to their direct infringement, Defendants have actively induced others to infringe claims of the '586 patent, including claim 1, in violation of 35 U.S.C. § 271(b) and Defendants continue to induce infringement even today.

33. Defendants have had actual knowledge of the '586 patent and their infringement of the '586 patent at least as of October 8th, 2019, when iRobot notified Shark of their infringement, if not earlier.

34. Upon information and belief, in developing their products, including at least Defendants' Shark IQ Robot family of products, Defendants emulated and copied features of iRobot's robotic vacuum products, including those features claimed by the '586 patent.

35. Upon information and belief, Defendants knew that iRobot had patents covering its robotic vacuum product lines and either learned of the '586 patent or subjectively believed there was a high probability that iRobot had patents covering features of its robotic vacuum products but took deliberate actions to avoid learning of that fact and which features were patented.

36. Despite knowing of the '586 patent or being willfully blind to the '586 patent, Defendants continued to make, use, sell, and offer to sell infringing products. Defendants have been and are continuing to encourage other persons (*e.g.*, distributors, manufacturers, customers, and end users) to directly infringe the '586 patent with knowledge (or willful blindness) of that infringement, such as by making, advertising, selling, offering to sell, supporting, distributing, and using infringing features in Defendants' infringing products including the Shark IQ Robot with or without the self-empty base (including the RV1000 Series, RV1000AE Series, R101 model and R101AE model). These other persons directly infringe the '586 patent.

37. Defendants provide their customers and the public with materials, including demonstrations, training, guides, videos, websites, and/or manuals, that depict and describe the infringing features of the Shark IQ Robot (Exs. M-W).

38. iRobot has suffered and will continue to suffer irreparable harm by Defendants' infringement of the '586 patent unless the court preliminarily and permanently enjoins Defendants from their activities. iRobot is also entitled to recover damages from Defendants as a result of their infringement of the '586 patent.

39. Due to Defendants' willful and deliberate infringement, the Court should award iRobot up to treble damages under 35 U.S.C. § 284 for infringement of the '586 patent.

## COUNT II - INFRINGEMENT OF U.S. PATENT NO. 9,550,294

40. iRobot incorporates the foregoing Paragraphs 1-16 and 19-20 by reference as though fully set forth herein.

41. Defendants have been making, using, selling, or offering to sell within the United States and/or importing into the United States its Shark IQ Robot product family and are infringing, directly and/or indirectly, with willfulness or willful blindness, either literally and/or under the doctrine of equivalents at least claims 1-5, 8, 9, 11, and 12 of the '294 patent under 35 U.S.C. § 271. Defendants' infringing products include the Shark IQ Robot with or without the self-empty base (including the RV1000 Series, RV1000AE Series, R101 model and R101AE model).

42. Exhibit H attached hereto compares Defendants' Shark IQ Robot model number R101AE to claim 1 of the '294 patent. On information and belief, Defendants produce additional robotic vacuum cleaners, including Shark IQ Robot model number R101, which are similar in all material respects, and therefore infringe for the same reasons set forth in Exhibit H.

43. In addition to their direct infringement, Defendants have actively induced others to infringe claims of the '294 patent, including claim 1, in violation of 35 U.S.C. § 271(b) and Defendants continue to infringe even today.

44. Defendants have had actual knowledge of the '294 patent and their infringement of the '294 patent at least as of October 8th, 2019, when iRobot notified Shark of its infringement, if not earlier.

45. Upon information and belief, in developing their products, including at least Defendants' Shark IQ Robot product family, Defendants emulated and copied features of iRobot's robotic vacuum products, including those features claimed by the '294 patent.

46. Upon information and belief, Defendants knew that iRobot had patents covering its robotic vacuum product lines and either learned of the '294 patent or subjectively believed there was a high probability that iRobot had patents covering features of its robotic vacuum products but took deliberate actions to avoid learning of that fact and which features were patented.

47. Despite knowing of the '294 patent or being willfully blind to the '294 patent, Defendants continued to make, use, sell, and offer to sell infringing products.

48. Defendants have been and are continuing to encourage other persons (e.g., distributors, manufacturers, customers, and end users) to directly infringe the '294 patent with knowledge (or willful blindness) of that infringement, such as by making, advertising, selling, offering to sell, supporting, distributing, and using infringing features in Defendants' infringing products including the Shark IQ Robot with or without the self-empty base (including the RV1000 Series, RV1000AE Series, R101 model and R101AE model). These other persons directly infringe the '294 patent.

49. Defendants provide their customers and the public with materials, including demonstrations, training, guides, videos, websites, and/or manuals, that depict and describe the infringing features of the Shark IQ Robot (Exs. M-W).

50. iRobot has suffered and will continue to suffer irreparable harm by Defendants' infringement of the '294 patent unless the court preliminarily and permanently enjoins Defendants from their activities. iRobot is also entitled to recover damages from Defendants as a result of their infringement of the '294 patent.

51. Due to Defendants' willful and deliberate infringement, the Court should award iRobot up to treble damages under 35 U.S.C. § 284 for infringement of the '294 patent.

## COUNT III - INFRINGEMENT OF U.S. PATENT NO. 9,492,048

52. iRobot incorporates the foregoing Paragraphs 1-16 and 21-22 by reference as though fully set forth herein.

53. Defendants have been making, using, selling, or offering to sell within the United States and/or importing into the United States their Shark IQ Robot product family and are infringing, directly and/or indirectly, with willfulness or willful blindness, either literally and/or under the doctrine of equivalents at least claims 12 and 18 of the '048 patent under 35 U.S.C. § 271. Defendants' infringing products include the Shark IQ Robot with the self-empty base (including the RV1000AE Series, and R101AE model).

54. Exhibit I attached hereto compares Defendants' Shark IQ Robot model number R101AE to claim 12 of the '048 patent.

55. In addition to their direct infringement, Defendants have actively induced others to infringe claims of the '048 patent, including claim 12, in violation of 35 U.S.C. § 271(b) and Defendants continue to induce infringement even today.

56. Defendants have had actual knowledge of the '048 patent and their infringement of the '048 patent at least as of October 8th, 2019, when iRobot notified Shark of its infringement, if not earlier.

57. Upon information and belief, in developing their products, including at least Defendants' Shark IQ Robot product family, Defendants emulated and copied features of iRobot's robotic vacuum products, including those features claimed by the '048 patent.

58. Upon information and belief, Defendants knew that iRobot had patents covering its robotic vacuum product lines and either learned of the '048 patent or subjectively believed there was a high probability that iRobot had patents covering features of its robotic vacuum products but took deliberate actions to avoid learning of that fact and which features were patented.

59. Despite knowing of the '048 patent or being willfully blind to the '048 patent, Defendants continued to make, use, sell, and offer to sell infringing products.

60. Defendants have been and are continuing to encourage other persons (e.g., distributors, manufacturers, customers, and end users) to directly infringe the '048 patent with knowledge (or willful blindness) of that infringement, such as by making, advertising, selling, offering to sell, supporting, distributing, and using infringing features in Defendants' products including the Shark IQ Robot with the self-empty base (including the RV1000AE Series, and R101AE model). These other persons directly infringe the '048 patent.

61. Defendants provide their customers and the public with materials, including demonstrations, training, guides, videos, websites, and/or manuals, that depict and describe the infringing features of the Shark IQ Robot (Exs. M-W).

62. iRobot has suffered and will continue to suffer irreparable harm by Defendants' infringement of the '048 patent unless the court preliminarily and permanently enjoins Defendants

from their activities.  iRobot is also entitled to recover damages from Defendants as a result of their infringement of the '048 patent.

63.     Due to Defendants' willful and deliberate infringement, the Court should award iRobot up to treble damages under 35 U.S.C. § 284 for infringement of the '048 patent.

### COUNT IV - INFRINGEMENT OF U.S. PATENT NO. 8,950,038

64.     iRobot incorporates the foregoing Paragraphs 1-16 and 23-24 by reference as though fully set forth herein.

65.     Defendants have been making, using, selling, or offering to sell within the United States and/or importing into the United States their Shark IQ Robot product family and are infringing, directly and/or indirectly, with willfulness or willful blindness, either literally and/or under the doctrine of equivalents at least claims 1, 5, 7, 9-12, and 14 of the '038 patent under 35 U.S.C. § 271. Defendants' infringing products include the Shark IQ Robot with or without the self-empty base (including the RV1000 Series, RV1000AE Series, R101 model and R101AE model).

66.      Exhibit J attached hereto compares Defendants' Shark IQ Robot model number R101AE to claim 1 of the '038 patent.  On information and belief, Defendants produce additional robotic vacuum cleaners, including Shark IQ Robot model number R101, which are similar in all material respects, and therefore infringe for the same reasons set forth in Exhibit J.

67.     In addition to theirs direct infringement, Defendants have actively induced others to infringe claims of the '038 patent, including claim 1, in violation of 35 U.S.C. § 271(b) and Defendants continue to induce infringement even today.

68.     Defendants have had actual knowledge of the '038 patent and their infringement of the '038 patent at least as of October 8th, 2019, when iRobot notified Shark of their infringement, if not earlier.

69. Upon information and belief, in developing their products, including at least Defendants' Shark IQ Robot product family, Defendants emulated and copied features of iRobot's robotic vacuum products, including those features claimed by the '038 patent.

70. Upon information and belief, Defendants knew that iRobot had patents covering its robotic vacuum product lines and either learned of the '038 patent or subjectively believed there was a high probability that iRobot had patents covering features of its robotic vacuum products but took deliberate actions to avoid learning of that fact and which features were patented.

71. Despite knowing of the '038 patent or being willfully blind to the '038 patent, Defendants continued to make, use, sell, and offer to sell infringing products.

72. Defendants have been and are continuing to encourage other persons (e.g., distributors, manufacturers, customers, and end users) to directly infringe the '038 patent with knowledge (or willful blindness) of that infringement, such as by making, advertising, selling, offering to sell, supporting, distributing, and using infringing features in Defendants' infringing products including the Shark IQ Robot with or without the self-empty base (including the RV1000 Series, RV1000AE Series, R101 model and R101AE model).  These other persons directly infringe the '038 patent.

73. Defendants provide their customers and the public with materials, including demonstrations, training, guides, videos, websites, and/or manuals, that depict and describe the infringing features of the Shark IQ Robot (Exs. M-W).

74. iRobot has suffered and will continue to suffer irreparable harm by Defendants' infringement of the '038 patent unless the court preliminarily and permanently enjoins Defendants from its activities.  iRobot is also entitled to recover damages from Defendants as a result of their infringement of the '038 patent.

75. Due to Defendants' willful and deliberate infringement, the Court should award iRobot up to treble damages under 35 U.S.C. § 284 for infringement of the '038 patent.

### COUNT V - INFRINGEMENT OF U.S. PATENT NO. 8,418,303

76. iRobot incorporates the foregoing Paragraphs 1-16 and 25-26 by reference as though fully set forth herein.

77. Defendants have been making, using, selling, or offering to sell within the United States and/or importing into the United States its Shark IQ Robot product family and are infringing, directly and/or indirectly, with willfulness or willful blindness, either literally and/or under the doctrine of equivalents at least claims 1, 6-11, 14, and 15 of the '303 patent under 35 U.S.C. § 271. Defendants' infringing products include the Shark IQ Robot with or without the self-empty base (including the RV1000 Series, RV1000AE Series, R101 model and R101AE model).

78. Exhibit K attached hereto compares Defendants' Shark IQ Robot model number R101AE to claim 1 of the '303 patent. On information and belief, Defendants produce additional robotic vacuum cleaners, including Shark IQ Robot model number R101, which are similar in all material respects, and therefore infringe for the same reasons set forth in Exhibit K.

79. In addition to its direct infringement, Defendants have actively induced others to infringe claims of the '303 patent, including claim 1, in violation of 35 U.S.C. § 271(b) and Defendants continue to induce infringement even today.

80. Defendants have had actual knowledge of the '303 patent and their infringement of the '303 patent at least as of October 8th, 2019, when iRobot notified Shark of its infringement, if not earlier.

81. Upon information and belief, in developing their products, including at least Defendants' Shark IQ Robot product family, Defendants emulated and copied features of iRobot's robotic vacuum products, including those features claimed by the '303 patent.

82. Upon information and belief, Defendants knew that iRobot had patents covering its robotic vacuum product lines and either learned of the '303 patent or subjectively believed there was a high probability that iRobot had patents covering features of its robotic vacuum products but took deliberate actions to avoid learning of that fact and which features were patented.

83. Despite knowing of the '303 patent or being willfully blind to the '303 patent, Defendants continued to make, use, sell, and offer to sell infringing products.

84. Defendants have been and are continuing to encourage other persons (e.g., distributors, manufacturers, customers, and end users) to directly infringe the '303 patent with knowledge (or willful blindness) of that infringement, such as by making, advertising, selling, offering to sell, supporting, distributing, and using infringing features in Defendants' infringing products including the Shark IQ Robot with or without the self-empty base (including the RV1000 Series, RV1000AE Series, R101 model and R101AE model). These other persons directly infringe the '303 patent.

85. Defendants provide their customers and the public with materials, including demonstrations, training, guides, videos, websites, and/or manuals, that depict and describe the infringing features of the Shark IQ Robot (Exs. M-W).

86. iRobot has suffered and will continue to suffer irreparable harm by Defendants' infringement of the '303 patent unless the court preliminarily and permanently enjoins Defendants from its activities. iRobot is also entitled to recover damages from Defendants as a result of its infringement of the '303 patent.

87. Due to Defendants' willful and deliberate infringement, the Court should award iRobot up to treble damages under 35 U.S.C. § 284 for infringement of the '303 patent.

## COUNT VI -INFRINGEMENT OF U.S. PATENT NO. 10,045,676

88.     iRobot incorporates the foregoing Paragraphs 1-16 and 26-27 by reference as though fully set forth herein.

89.     On information and belief, Defendants have been using their robotic cleaners, including Shark IQ Robot model numbers R101 and R101AE, in tests and demonstrations in the United States, and are infringing, directly and/or indirectly, with willfulness or willful blindness, either literally and/or under the doctrine of equivalents at least claims 1, 2, 4-8, 10, and 14-18 of the '676 patent under 35 U.S.C. § 271.  Defendants' infringing products include the Shark IQ Robot with or without the self-empty base (including the RV1000 Series, RV1000AE Series, R101 model and R101AE model).

90.     Exhibit L attached hereto compares features available in Defendants' Shark IQ Robot model number R101AE to claim 1 of the '676 patent.  On information and belief, Defendants produce additional robotic vacuum cleaners, including Shark IQ Robot model number R101, which are similar in all material respects, and therefore infringe for the same reasons set forth in Exhibit L.

91.     In addition to its direct infringement, Defendants have actively induced others to infringe claims of the '676 patent, including claim 1, in violation of 35 U.S.C. § 271(b) and Defendants continue to induce infringement even today.

92.     Defendants have had actual knowledge of the '676 patent and their infringement of the '676 patent at least as of October 8th, 2019, when iRobot notified Shark of its infringement, if not earlier.

93.     Upon information and belief, in developing their products, including at least Defendants' Shark IQ Robot product family, Defendants emulated and copied features of iRobot's

robotic vacuum products. Use of such products along with Defendants' instructions, infringe the '676 patent.

94. Upon information and belief, Defendants knew that iRobot had patents covering its robotic vacuum product lines and methods of use thereof, and either learned of the '676 patent or subjectively believed there was a high probability that iRobot had patents covering the method of use of its robotic vacuum products but took deliberate actions to avoid learning of that fact.

95. Despite knowing of the '676 patent or being willfully blind to the '676 patent, Defendants continued to make, use, sell, and offer to sell products capable of infringing.

96. Defendants have been and are continuing to encourage other persons (e.g., distributors, manufacturers, customers, and end users) to directly infringe the '676 patent with knowledge (or willful blindness) of that infringement, such as by making, advertising, selling, offering to sell, supporting, distributing, and using Defendants' products including the Shark IQ Robot with or without the self-empty base (including the RV1000 Series, RV1000AE Series, R101 model and R101AE model) in a way that infringes the '676 patent.

97. Defendants provide their customers and the public with materials, including demonstrations, training, guides, videos, websites, and/or manuals, that depict and describe the infringing features of the Shark IQ Robot (Exs. M-W).

98. Use of the Shark IQ Robot, in the manner depicted and described in the materials noted in the preceding paragraph infringes the '676 patent.

99. iRobot has suffered and will continue to suffer irreparable harm by Defendants' infringement of the '676 patent unless the court preliminarily and permanently enjoins Defendants from its activities. iRobot is also entitled to recover damages from Defendant as a result of its infringement of the '676 patent.

100. Due to Defendants' willful and deliberate infringement, the Court should award iRobot up to treble damages under 35 U.S.C. § 284 for infringement of the '676 patent.

## PRAYER FOR RELIEF

WHEREFORE, iRobot prays for relief and judgment against Defendants as follows:

A. That Defendants have infringed one or more claims of the '586 patent, the '294 patent, the '048 patent, the '038 patent, the '303 patent, and the '676 patent under 35 U.S.C. § 271;

B. A preliminary injunction against Defendants and their officers, directors, employees, agents, consultants, contractors, suppliers, distributors, all parent and subsidiary entities, all assignees and successors in interest, and all others acting in concert or privity with Defendants from further infringement of the '586 patent, the '294 patent, the '048 patent, the '038 patent, the '303 patent, and the '676 patent;

C. A permanent injunction against Defendants and their officers, directors, employees, agents, consultants, contractors, suppliers, distributors, all parent and subsidiary entities, all assignees and successors in interest, and all others acting in concert or privity with Defendants from further infringement of the '586 patent, the '294 patent, the '048 patent, the '038 patent, the '303 patent, and the '676 patent;

D. An award to iRobot of damages under 35 U.S.C. § 284 for the infringement of the '586 patent, the '294 patent, the '048 patent, the '038 patent, the '303 patent, and the '676 patent by Defendants, together with pre-judgment and post-judgment interest and costs;

E. An award to iRobot of treble damages under 35 U.S.C. § 284 for the willful infringement of the '586 patent, the '294 patent, the '048 patent, the '038 patent, the '303 patent, and the '676 patent by Defendants;

F.  A finding that, with respect to Defendants, this case is exceptional and awarding to iRobot its reasonable attorney fees under 35 U.S.C. § 285;

G.  Judgment against Defendants on all counts of this Complaint; and

H.  Such other relief for iRobot that the Court sees as just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, iRobot demands trial by jury in this action of all issues so triable.

Date:   October 15, 2019

Respectfully submitted,

*/s/ T. Christopher Donnelly*
T. Christopher Donnelly
tcd@dcglaw.com
Peter E. Gelhaar
peg@dcglaw.com
DONNELLY, CONROY & GELHAAR, LLP
260 Franklin Street
Suite 1600
Boston, MA 02110
Telephone:  (617) 720-2880
Facsimile:  (617) 720-3554

Gregg F. LoCascio, P.C. (*pro hac vice* to be filed)
gregg.locascio@kirkland.com
Anders P. Fjellstedt (*pro hac vice* to be filed)
anders.fjellstedt@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  (202) 389-5000
Facsimile:  (202) 389-5200

*Counsel for Plaintiff
iRobot Corporation*