UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| iROBOT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SHARKNINJA OPERATING, LLC,<br>SHARKNINJA MANAGEMENT, LLC, and<br>SHARKNINJA SALES COMPANY,<br><br>Defendants. | Civil Action No. 1:19-cv-12125<br><br>JURY TRIAL DEMANDED<br><br>ORAL ARGUMENT REQUESTED |

## PLAINTIFF iROBOT CORP.'S MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rules of Civil Procedure 26 and 65, and 35 U.S.C. §§ 283, Plaintiff iRobot Corporation ("iRobot") respectfully moves the Court for an Order preliminarily enjoining Defendants SharkNinja Operating LLC, SharkNinja Management Company, and SharkNinja Sales Company (collectively, "Shark"), from infringing U.S. Patent No. 9,492,048, U.S. Patent No. 9,921,586, and U.S. Patent No. 9,550,294 by making, using, selling, offering for sale or importing its Shark IQ Robot, including the version with the self-empty base and without.

This Court has the power to issue preliminary injunctions to enjoin clear wrongful conduct before it can cause irreparable harm to another's rights and property. Such relief is not only appropriate here, but necessary. Ever since it launched the groundbreaking Roomba® robotic vacuum almost twenty years ago, iRobot has been the technological leader in the now billion-dollar market for robotic vacuum cleaners (RVC). iRobot's current premium offerings, the Roomba i7+ and s9+, offer unprecedented features, autonomy, and are protected by multiple iRobot patents. Having already received Time's "Invention of the Year" award for its i7+, iRobot is about to head into the most critical period of the year—the holiday season—that results

in over 50% of its sales.  In an attempt to grab as much of the market share as possible, iRobot's competitor Shark—with full knowledge and disregard for iRobot's intellectual property—just launched the Shark IQ Robot, its first-ever attempt at an allegedly premium RVC that copies the features of iRobot's i7+, including key patented technology.  Lest there be any doubt about its intentions, Shark pointedly touts those infringing features, mimics iRobot's marketing, and boasts that it can deliver iRobot's technology at "half the price of an iRobot i7."

While it may have been easy for Shark to rush its copycat product in time for the holiday sales season, it will be impossible for iRobot to recoup its losses, maintain its premium place in the market, and restore its reputation and brand, if Shark's infringement is allowed to go unabated until the conclusion of this case a year or more from now.  Already, industry analysts have downgraded iRobot stock because they see the Shark IQ Robot as a harbinger of the "commoditization of the high end of iRobot's portfolio."  If iRobot's investment in R&D and patent rights are to be protected, Shark must be enjoined now—before it can benefit from its blatant infringement for one or even two holiday seasons.

For the reasons set forth in detail in the memorandum filed contemporaneously herewith and the accompanying declarations of Dr. Charles Reinholtz, Jennifer Lichtenheim, Tim Saeger, Dr. Keith Ugone, and exhibits, to be presented to the Court in oral arguments and any subsequent briefing, iRobot has a strong likelihood of success in showing that Shark's IQ Robot infringes iRobot patents U.S. Patent No. 9,492,048, U.S. Patent No. 9,921,586, and U.S. Patent No. 9,550,294, that iRobot will suffer irreparable harm if Shark is not enjoined, that the balance of equities tip in iRobot's favor, and that an injunction is in the public interest.

WHEREFORE, iRobot respectfully requests that the Court:

(1) grant a hearing on this Motion:

(2) grant iRobot's Motion for a Preliminary Injunction; and

(3) grant such further relief as the Court may deem just and proper.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Rule 7.1(d), iRobot respectfully requests for a hearing for oral argument on this Preliminary Injunction, at the earliest possible date.

Date:   October 15, 2019                                             Respectfully submitted,

/s/ T. Christopher Donnelly

T. Christopher Donnelly
tcd@dcglaw.com
Peter E. Gelhaar
peg@dcglaw.com
DONNELLY, CONROY & GELHAAR, LLP
260 Franklin Street
Suite 1600
Boston, MA 02110
Telephone:  (617) 720-2880
Facsimile:  (617) 720-3554

Gregg F. LoCascio, P.C. (*pro hac vice* to be filed)
gregg.locascio@kirkland.com
Anders P. Fjellstedt (*pro hac vice* to be filed)
anders.fjellstedt@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  (202) 389-5000
Facsimile:  (202) 389-5200

*Counsel for Plaintiff*
*iRobot Corporation*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

The undersigned counsel certifies that the parties were not able to meet and confer in an attempt to resolve or narrow the issues presented by this motion because no counsel of record has appeared in this case on behalf of Shark.

>	*/s/ T. Christopher Donnelly*
>	T. Christopher Donnelly

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be served on Defendants pursuant to Fed. R. Civ. P. and L.R. 5.2 along with a copy of the Complaint in this case.

>	*/s/ T. Christopher Donnelly*
>	T. Christopher Donnelly