**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| iROBOT CORPORATION,<br><br>               Plaintiff,<br>v.<br><br>SHARKNINJA OPERATING LLC,<br>SHARKNINJA MANAGEMENT LLC,<br>AND SHARKNINJA SALES COMPANY,<br><br>               Defendants. | C.A. No. 1:19-cv-12125-ADB<br><br>**REQUEST FOR ORAL ARGUMENT<br>PURSUANT TO LR 7.1** |

**SHARKNINJA'S EMERGENCY MOTION TO COMPEL
DEPOSITION OF DR. CHARLES REINHOLTZ
OR ALTERNATIVELY TO STRIKE REPLY DECLARATION OF DR. REINHOLTZ**

Defendants SharkNinja Operating LLC, SharkNinja Management LLC, and SharkNinja Sales Company, (collectively, "SharkNinja") respectfully move this Court for an order on an expedited basis to compel Plaintiff iRobot Corporation ("iRobot") to make its expert witness Dr. Charles Reinholtz available for a 3 hour deposition tomorrow afternoon, Tuesday, November 12, 2019, before the hearing on Plaintiff's Motion for a Preliminary Injunction set for the following day, Wednesday, November 13, 2019 at 10:30 a.m. Alternatively, SharkNinja moves this Court for an Order Striking the Reply Declaration of Dr. Charles Reinholtz in Support of Plaintiff's Motion for a Preliminary Injunction (Dkt. No. 69) and excluding any testimony related to opinions in the reply declaration at the hearing set for November 13, 2019.

Despite requesting that the Court set an expedited schedule for a hearing on its Motion for a Preliminary Injunction, Plaintiff has refused to make Dr. Charles Reinholtz available for a short deposition on the new opinions expressed in his November 8, 2019 reply declaration (Dkt. No. 69). Plaintiff's refusal to allow SharkNinja to depose Dr. Reinholtz on his reply declaration unfairly prejudices SharkNinja's ability to prepare for and to present evidence at the November

13 hearing, during which SharkNinja will have limited time to cross-examine him and to present its own evidence.  SharkNinja should have the opportunity to depose Dr. Reinholtz on the reply declaration before the November 13 hearing.  Alternatively, this Court should strike Dr. Reinholtz's reply declaration based on iRobot's refusal to present him for deposition.

**I.    Background**

This patent infringement case is on an expedited schedule, including a first hearing on Plaintiff's Motion for a Preliminary Injunction (Dkt. No. 2) set for November 13, 2019, at 10:30 a.m.  Since the October 21, 2019 status conference, SharkNinja filed its Opposition to Plaintiff's Motion for a Preliminary Injunction on November 1, 2019 (Dkt. Nos. 48-53) and Plaintiff filed its Reply in Support of its Motion for a Preliminary Injunction on November 8, 2019 (Dkt. Nos. 65-66, 69). Consistent with the discussion at the October 21, 2019, status conference (*see* 10/21/2019 Hearing Tr. at 27-28), SharkNinja focused its briefing on the likelihood of success on the merits factor of the preliminary injunction analysis.  Here, that focuses on non-infringement and invalidity of the patents iRobot relied on in its Preliminary Injunction motion.

iRobot waited until the evening of Friday, November 8, 2019—after the Court was closed and hours after filing its reply brief—to file a 57-page reply declaration of its expert Dr. Charles Reinholtz (Dkt. No. 69) providing brand new opinions regarding alleged infringement of the asserted claims of U.S. Patent No. 9,550,294 ("the '294 patent") and U.S. Patent No. 9,492,048 ("the '048 patent"), and also addressing for the first time invalidity of those claims.  While SharkNinja deposed Dr. Reinholtz on the infringement opinions he expressed in his October 16 opening declaration, iRobot has refused to provide SharkNinja the opportunity to depose Dr. Reinholtz on the new infringement and validity opinions expressed in his November 8 reply declaration.

In advance of the November 8 filing of Dr. Reinholtz's reply declaration, SharkNinja notified iRobot that it would seek a deposition of any declarants who would be filing reply declarations with the reply. (Ex. 1, Nov. 7, 2019, 7:35 PM Email from B. Rosenthal to G. LoCascio.) SharkNinja even flew an attorney to Boston who has been waiting on standby to depose Dr. Reinholtz regarding the new positions set forth in his November 8 reply declaration. Despite SharkNinja's attempts to accommodate Plaintiff's schedule by offering to depose Dr. Reinholtz on either Monday or Tuesday of this week, at the time and location of Plaintiff's choosing (Ex. 2, November 9, 2019, 10:01 AM Email from B. Rosenthal to G. LoCascio; Ex. 3, November 9, 2019, 3:54 PM Email from B. Rosenthal to G. LoCascio), Plaintiff has flatly refused to make Dr. Reinholtz available (Ex. 4, November 9, 2019, 7:29 PM Email from G. LoCascio to B. Rosenthal).

## II. There is No Legitimate Basis to Refuse to Make Dr. Reinholtz Available for a 3-Hour Deposition Before the November 13, 2019, Hearing

Under the Federal Rule of Civil Procedure 26(b)(4)(A), "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial. . . ." This Court affirms this rule, stating that "[b]ecause defendants have 'identified' these potential experts pursuant to 26(a)(2)(A) and their opinions 'may' be presented at trial, Rule 26(b)(4)(A) requires that defendants also make these witnesses available for deposition so that plaintiffs may explore their potential opinion testimony. *See* Fed. R. Civ. P. 26(b)(4)(A), Advisory Committee's Notes, 1993 Amendment, P (b) ('paragraph (4)(A) is revised to provide that experts who are expected to be witnesses will be subject to deposition prior to trial'); *Suskind v. Home Depot Corp.*, No. Civ. A. 99-10575-NG, 2001 WL 92183 at *2 (D. Mass. Jan. 2, 2001); *Rosie D. v. Romney*, 2004 U.S. Dist. Ct. Motions Lexis 19620 at *23 (D. Mass Nov. 1, 2004). This Court has cited the parties'

need to prepare for effective cross-examination and arrange for expert testimony from other witnesses as a rationale for allowing expert deposition.  *Id.* at *22-23.

This rule should be no different in the context of a preliminary injunction motion. Indeed the high stakes—iRobot wants to remove Shark's products from the market before the holiday season—demand that SharkNinja be permitted to explore iRobot's new opinions by deposition. Indeed, had iRobot submitted a declaration by a new expert, surely it would have provided that witness for a deposition.  The result should not be any different just because iRobot opted to use the same expert to provide these new opinions.

There is no legitimate basis for iRobot to refuse to provide Dr. Reinholtz for deposition on the indisputably new opinions in his reply declaration. When pressed, iRobot stated that it would not provide Dr. Reinholtz because SharkNinja is not entitled to a surreply on its Preliminary Injunction motion. (Ex. 4, November 9, 2019, 7:29 PM Email from G. LoCascio to B. Rosenthal.)  That is beside the point.  Whether SharkNinja has a surreply or not, it should not be forced into a hearing in which iRobot seeks to shut down SharkNinja's sales during the holiday season without being allowed to first test Dr. Reinholtz's brand-new theories on infringement and his response opinions on invalidity. SharkNina has limited time at the hearing and should not be forced to use it to take Dr. Reinholtz's deposition live on the stand.

**III.    SharkNinja is Prejudiced by Plaintiff's Refusal to Make Dr. Reinholtz Available for Deposition and Dr. Reinholtz Either Should Be Made Available for Deposition Immediately or Dr. Reinholtz's Reply Declaration Should be Stricken**

iRobot's refusal to provide Dr. Reinholtz plainly prejudices SharkNinja and its preparation for the hearing. If the Court does not order iRobot to make Dr. Reinholtz available, his reply declaration should be stricken. *Small v. GMC*, 2006 U.S. Dist. Lexis 83717 at *13-14 (D. Me. Nov. 15, 2006) (granting motion to exclude when no deposition provided).

## IV. Conclusion

SharkNinja's Motion should be granted and iRobot should be ordered to immediately make Dr. Reinholtz available for a 3-hour deposition tomorrow afternoon on the new opinions expressed in his November 8, 2019, reply declaration. Alternatively, this Court should strike the November 8, 2019, reply declaration of Dr. Reinholtz and preclude any testimony set forth for the first time therein at the November 13, 2019, hearing on Plaintiff's Motion for a Preliminary Injunction.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Defendants hereby request an oral argument on their Motion.

Dated:  November 11, 2019

Respectfully Submitted,

*/s/ Alissa K. Lipton*

OF COUNSEL:

Doris Johnson Hines
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Erika Harmon Arner
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

Brian A. Rosenthal
GIBSON, DUNN & CRUTCHER LLP

Alissa K. Lipton BBO #678314
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Seaport Lane
Boston, MA 02210-2001
(617) 646-1643

*Attorneys for Defendants SharkNinja
Operating LLC, SharkNinja Management
LLC, and SharkNinja Sales Company*

200 Park Avenue
New York, NY 10166
(212) 351-4000

## LOCAL RULE 7.1 CERTIFICATION

Defendants' counsel hereby certifies under L.R. 7.1 that counsel for Defendants conferred with counsel for Plaintiff but were unable resolve or narrow the issues raised by this motion.

/s/ *Alissa K. Lipton*
Alissa K. Lipton BBO #678314

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed through the ECF system on November 11, 2019 and will be sent electronically to the registered participants identified on the Notice of Electronic Filing.

/s/ *Alissa K. Lipton*
Alissa K. Lipton BBO #678314