IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| iROBOT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SHARKNINJA OPERATING, LLC,<br>SHARKNINJA MANAGEMENT, LLC, and<br>SHARKNINJA SALES COMPANY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:19-cv-12125<br>)<br>) JURY TRIAL DEMANDED<br>)<br>) ORAL ARGUMENT REQUESTED<br>)<br>)<br>)<br>) |

**iROBOT'S OPPOSITION TO SHARK'S MOTION TO COMPEL
A SECOND DEPOSITION OF DR. CHARLES REINHOLTZ
OR ALTERNATIVELY TO STRIKE REPLY DECLARATION OF DR. REINHOLTZ**

Shark's request to compel a *second* deposition of Dr. Reinholtz for today is both unreasonable and a transparent effort to distract iRobot from preparing for tomorrow's hearing on its motion for a preliminary injunction. Courts generally "will not require a witness to appear for another deposition" "[a]bsent a showing of good cause," even under a normal discovery schedule. *See Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, No. 08-cv-335, 2009 WL 861733, at *4 (S.D. Mar. 25, Cal. 2009) (denying motion for leave to depose an expert a second time after submission of his rebuttal report); *see* Fed. R. Civ. P. 30(a)(2)(A)(ii) (where "the deponent has already been deposed in the case," the party seeking another deposition "must obtain leave of court"). Shark has not remotely shown good cause for re-deposing Dr. Reinholtz under a normal discovery schedule, let alone under the narrowly-tailored scope of discovery that the Court permitted for this preliminary injunction proceeding.

1

As an initial matter, Dr. Reinholtz is not even available to be deposed this afternoon afternoon.  Dr. Reinholtz is proctoring capstone projects for several students this semester at Embry-Riddle Aeronautical University, and from 11:15am to 3:30pm Dr. Reinholtz will be answering questions from the students in that class.  Regardless, even if he were available, there is no "undue prejudice" to Shark if it is not permitted to depose Dr. Reinholtz for a second time.

*First*, while Shark claims that it must have a second bite at deposing Dr. Reinholtz because he has allegedly offered new infringement and invalidity opinions, those "new" opinions merely respond to the opinions of Shark's own infringement and invalidity experts, served on iRobot weeks after Dr. Reinholtz submitted his affirmative report.  In fact, Shark deposed Dr. Reinholtz *for over six hours,* and it took that deposition just four days before it submitted its opposition, a 191-page expert report on the validity of iRobot's patents, and an 81-page expert report on non-infringement.  Dkts. 48, 50, 53.  To be clear, Shark knew exactly what its invalidity positions were when it deposed Dr. Reinholtz the first time, and it could have asked Dr. Reinholtz about its invalidity arguments then—in fact, Shark *did* question Dr. Reinholtz on the validity of the '294 patent.  *E.g.*, Ex. 1 at 56:8-60:6.  Shark's apparent decision to not ask all of its invalidity questions was its own choice.  To the extent Shark has additional questions for Dr. Reinholtz on the validity of iRobot's patents, Dr. Reinholtz will be available for cross-examination at the hearing tomorrow.

*Second*, Shark's delay tactics (both generally and as to its request for a second deposition) undermine its purported "emergency" need to re-depose Dr. Reinholtz before tomorrow's hearing.  Shark's delay tactics include:

- After iRobot filed its preliminary injunction motion and accompanying declarations on October 15, Shark waited more than a week to request Dr. Reinholtz's deposition, and waited two weeks to request depositions of the three other iRobot declarants (requesting those three for after Shark's opposition deadline).  Ex. 2; Ex. 3 at 2.

- When Shark eventually did reach out to schedule depositions of iRobot's witnesses, it requested that three of those depositions be on the three days surrounding the deadline for iRobot's reply brief.  Ex. 3 at 2.

- Shark requested an extension to file its opposition brief, which then pushed-out the one-week deadline for iRobot to file its reply—resulting in even fewer days between iRobot's reply and tomorrow's hearing on which Shark could potentially have re-deposed Dr. Reinholtz.  Ex. 4.

- iRobot declined to provide Dr. Reinholtz's deposition on Thursday, October 7 and again on Friday October 8, but Shark did not move to compel his deposition until after 10:30pm on Monday, October 11.  Ex. 5; Ex. 6; Dkt. 70.

Shark's motion to re-depose Dr. Reinholtz only continues the delays.  Shark first deposed Dr. Reinholtz over two weeks ago.  At that time—and in the 11 days between Dr. Reinholtz's first deposition and the filing of iRobot's reply—Shark *could* have asked whether iRobot intended to file a reply expert report and *could* have scheduled a time to depose iRobot's expert.  Instead, Shark waited until the night before iRobot's reply was due to ask—*for the first time*—whether iRobot planned to "submit[] any declarations tomorrow and by whom so that [Shark] c[ould] arrange for deposition times."  Ex. 6 at 3.  Then, after iRobot filed its reply on Friday afternoon, Shark waited another three full days before filing its present motion to compel on Monday night. Its lack of urgency followed by a midnight-hour emergency filing suggests that Shark's true motive is to interrupt iRobot's preparation the day before the preliminary injunction hearing.

*Third*, Shark's "emergency" request also ignores the narrow scope of discovery in this preliminary proceeding.  In fact, Shark's request ignores the fact that it scheduled ***three depositions of iRobot witnesses for yesterday and today***, despite having notice of these witnesses for the nearly four weeks since this matter was filed.  Moreover, Shark's motion—and its entire approach to discovery—is inconsistent with the "very limited targeted discovery" that the Court contemplated for these preliminary injunction proceedings.  At the status conference on October 21, 2019, the Court made clear that the parties were not to seek "24/7 worth of discovery" in the weeks between

3

that conference and tomorrow's hearing. Instead, the Court envisioned each party collecting only "a couple of things that you need[ed]" from the other. Dkt. 40 at 24:1-6; 24:12-15 ("few targeted things that will be helpful"). Shark's disregard for and abuse of the Court's contemplated scope of discovery runs deeper still: Whereas iRobot requested only six categories of documents from Shark (in keeping with the Court's targeted-discovery guidance), Shark requested *26 categories* of documents from iRobot. And whereas iRobot turned over more than 350 pages of documents responsive to 10 of the categories that Shark identified, Shark has produced *only one single spreadsheet chopped confusingly into eight pages*. Shark's stinginess during the discovery process is further reason to deny its eleventh-hour re-deposition request now.

***Fourth***, none of Shark's cases indicate it has shown anywhere near the good cause needed to compel Dr. Reinholtz's testimony. Dkt. 70 at 3-4. None concerned discovery during a preliminary injunction. The movant in *Rosie D. v. Romney*, unlike Shark here, did not seek to re-depose any witnesses on their expert opinions. 2004 U.S. Dist. Motions Lexis 19620, at * 23 (D. Mass. Nov. 1, 2004). In *Small v. General Motors Corp.*, the plaintiff did not produce its expert for any depositions whatsoever. 2006 WL 332989, at *3-5 (D. Me. Nov. 15, 2006). And *Suskind v. Home Depot Corp.* did not involve a motion to compel a deposition at all. No. 99-cv-10575, 2001 WL 92183, at *6 (D. Mass. Jan. 2. 2001).[1]

## CONCLUSION

The Court should deny Shark's motion to compel Dr. Reinholtz's deposition or, in the alternative, strike Dr. Reinholtz's reply declaration.

---

[1] Shark continues to suggest that the Court limited tomorrow's hearing to likelihood of success on the merits. Dkt. 70 at 2. Shark is wrong. The Court did not limit the arguments to be addressed at the hearing, and Shark's failure to brief and prepare for the remaining preliminary injunction factors is at its own risk. *See* Dkt. 40 at 28:2-4, 22-23; *id.* at 29:24-25.

4

Date:   November 12, 2019                    Respectfully submitted,

/s/ *Gregg F. LoCascio, P.C.*

T. Christopher Donnelly
tcd@dcglaw.com
Peter E. Gelhaar
peg@dcglaw.com
Timothy H. Madden
thm@dcglaw.com
DONNELLY, CONROY & GELHAAR, LLP
260 Franklin Street
Suite 1600
Boston, MA 02110
Telephone:  (617) 720-2880
Facsimile:  (617) 720-3554

Gregg F. LoCascio, P.C. (*pro hac vice*)
gregg.locascio@kirkland.com
Anders P. Fjellstedt (*pro hac vice*)
anders.fjellstedt@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  (202) 389-5000
Facsimile:  (202) 389-5200

Robin A. McCue (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60613
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

*Counsel for Plaintiff
iRobot Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be served on Shark pursuant to Fed. R. Civ. P. and L.R. 5.2.

                                                */s/ Gregg F. Locascio, P.C.*
                                                Gregg F. LoCascio, P.C.