IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| iROBOT CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>SHARKNINJA OPERATING LLC,<br>SHARKNINJA MANAGEMENT, LLC, and<br>SHARKNINJA SALES COMPANY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:19-cv-12125-ADB<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATUS REPORT**

Pursuant to the Court's July 14, 2023 Order (Dkt. 181), the parties submit this Joint Status Report.

In the second amended complaint in this case, iRobot asserted infringement of five patents against SharkNinja, including U.S. Patent Nos. 9,550,294 ("the '294 patent"), 9,492,048 ("the '048 patent"), 8,950,038 ("the '038 patent"), 8,418,303 ("the '303 patent"), and 10,045,676 ("the '676 patent"). Dkt. 84 (Counts I through V). iRobot also alleged false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). *Id.* (Count VI).

On January 21, 2021, the parties jointly moved to dismiss the '048 and '038 patents, which were counts II and III in the second amended complaint, and to stay the remainder of the case in light of pending *inter partes* reviews on the three remaining patents at the patent office. Dkt. 176. The Court granted that motion. Dkt. 177.

The patent office has since then issued final written decisions finding the asserted claims of the three remaining patents unpatentable. iRobot has not pursued an appeal of those final written decisions, thus rendering the patent office's decisions final. As a result, the parties agree that

iRobot's counts I, IV, and V corresponding to those three patents should be dismissed. The parties also agree that associated Case No. 1:19-cv-12236 should be dismissed, as explained in the parties' contemporaneous submission in that case.

    iRobot's false advertising claim remains pending in the present case. The parties propose that they will work together to submit a joint proposal for how to proceed on that claim by August 11, 2023.

Dated: July 28, 2023

| | |
|---|---|
| */s/ Sean McEldowney* | */s/ Alissa K. Lipton* |
| T. Christopher Donnelly<br>tcd@dcglaw.com<br>Peter E. Gelhaar<br>peg@dcglaw.com<br>Timothy H. Madden<br>thm@dcglaw.com<br>DONNELLY, CONROY & GELHAAR, LLP<br>260 Franklin Street<br>Suite 1600<br>Boston, MA 02110<br>Telephone: (617) 720-2880<br>Facsimile: (617) 720-3554<br><br>Gregg F. LoCascio, P.C. (*pro hac vice*)<br>gregg.locascio@kirkland.com<br>Sean McEldowney (*pro hac vice*)<br>sean.mceldowney@kirkland.com<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>Telephone: (202) 389-5000<br>Facsimile: (202) 389-5200<br><br>Robin A. McCue (*pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois 60613<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br><br>*Counsel for Plaintiff*<br>*iRobot Corporation* | Alissa K. Lipton BBO #678314<br>alissa.lipton@finnegan.com<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP<br>Two Seaport Lane<br>Boston, MA 02210-2001<br>(617) 646-1643<br><br>Luke J. McCammon (*pro hac vice*)<br>luke.mccammon@finnegan.com<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP<br>901 New York Avenue, N.W.<br>Washington, D.C. 20001-4413<br>(202) 408-4000<br><br>Erika Harmon Arner (*pro hac vice*)<br>erika.arner@finnegan.com<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP<br>Two Freedom Square<br>11955 Freedom Drive<br>Reston, VA 20190<br>(571) 203-2700<br><br>Brian A. Rosenthal (*pro hac vice*)<br>barosenthal@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166<br>(212) 351-4000<br><br>*Counsel for Defendants SharkNinja*<br>*Operating LLC, SharkNinja Management*<br>*LLC, and SharkNinja Sales Company* |

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing.

*/s/ Alissa K. Lipton*
Alissa K. Lipton BBO #678314